## CIRCUIT COURT OF HENRICO COUNTY

Laura B. Winston

    v.

Maxine H. Diehl

    v.

Genevieve P. Winston

November 21, 1983

Case No. 79-L-250

By JUDGE L. PAUL BYRNE

The Court writes to address the one remaining question in this action for personal injury.

The plaintiff, Laura B. Winston, instituted this suit against the defendant, Maxine H. Diehl, to recover damages for injuries allegedly sustained in an automobile accident. The plaintiff was a passenger in an automobile driven by Genevieve P. Winston which was in collision with the vehicle driven by Maxine H. Diehl.

In response to the Motion for Judgment, the defendant filed her Grounds of Defense and, additionally, filed, pursuant to Rule 3:10, a third-party motion for judgment against Genevieve P. Winston.

Later, the third-party defendant submitted to the Court an affidavit of indigency, a request that she be permitted to proceed *in forma pauperis* and a request for court-appointed counsel to defend her interest. Pursuant to that request, the Court appointed Steve Burcin to represent the third-party defendant.

The case was subsequently tried to a jury which by its verdict found in favor of the defendant. By

virtue of its finding, the jury avoided consideration of the issue of negligence on the part of Genevieve Winston.

Judgment has been entered on the jury's verdict in favor of the defendant, and the Court now has before it a motion by Mr. Burcin for an award of attorney's fees.

In the absence of statutory authority to make such an award at public expense, the Court must consider whether or not such an award might appropriately be made against the defendant Maxine H. Diehl. If such an award were appropriate, it would have to rest upon the theory that as between the defendant and the third-party defendant, the latter is a "prevailing party." The jury's verdict constituted a finding that the defendant was not guilty of negligence that proximately caused the plaintiff's injuries. The jury's verdict does not make the third-party defendant a prevailing party.

Thus, the Court concludes that the motion of Mr. Burcin must be overruled.